**Electronically Filed
Intermediate Court of Appeals
30280
27-OCT-2010
01:22 PM**

NO. 30280

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee
v.
BLANCHE B. DELA CRUZ, Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
EWA DIVISION
(CASE NO. 1DTC-09-010048)


SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Reifurth and Ginoza, JJ.)

Defendant-Appellant Blanche B. Dela Cruz (Dela Cruz) appeals the Notice of Entry of Judgment and/or Order and Plea/Judgment (Judgment), entered on October 26, 2009 in the District Court of the First Circuit, Ewa Division (District Court).[1] Dela Cruz was convicted of Excessive Speeding, in violation of HRS §§ 291C-105(a)(1), (a)(2) and (c)(1) (2007 Repl. & Supp. 2009).

On appeal, Dela Cruz contends: (1) the State failed to adduce the requisite foundation for admissibility of the speed check card, as required by State v. Fitzwater, 122 Hawai'i 354, 227 P.3d 520 (2010); (2) admission of the speed check card into

---

[1] The Honorable Edwin Nacino presided.

evidence violated her right to confrontation; and (3) there was insufficient evidence to convict her of Excessive Speeding.

Plaintiff-Appellee State of Hawai'i (State) contests jurisdiction, asserting that Dela Cruz filed an untimely appeal. As an initial matter, we conclude that although the notice of appeal filed on behalf of Dela Cruz was untimely, we have jurisdiction in this matter. In criminal cases, the Hawai'i Supreme Court has allowed untimely appeals in circumstances where "defense counsel has inexcusably or ineffectively failed to pursue a defendant's appeal from a criminal conviction in the first instance[.]" State v. Knight, 80 Hawai'i 318, 323, 909 P.2d 1133, 1138 (1996). See also State v. Erwin, 57 Haw. 268, 269, 554 P.2d 236, 238 (1976); State v. Irvine, 88 Hawai'i 404, 407, 967 P.2d 236, 239 (1998). We conclude this exception is applicable for this appeal.

With regard to the merits, the State concedes that there was insufficient foundation to admit the speed check card into evidence under Fitzwater, and therefore, there was insufficient evidence to convict Dela Cruz of Excessive Speeding. However, the State argues that the case should be remanded to the District Court for entry of a judgment against Dela Cruz for violating HRS § 291C-102(a)(1) (2007 Repl.), a lesser included traffic infraction of Speeding.

Upon careful review of the record and the briefs submitted, and having given due consideration to the arguments advanced and the issues raised by the parties, we hold that the State failed to establish that the speed check was "performed in the manner specified by the manufacturer of the equipment used to perform the check, and . . . the identity and qualifications of the person performing the check, including whether that person had whatever training the manufacturer recommends in order to competently perform it." Fitzwater, 122 Hawai'i at 377, 227 P.3d

at 543. Therefore, there was insufficient foundation to admit the speed check card into evidence. Without admission of the speed check card into evidence, there was insufficient evidence to convict Dela Cruz of Excessive Speeding.

Pursuant to Fitzwater, although there may be insufficient evidence of Excessive Speeding, we may remand for entry of a judgment for Speeding if there is sufficient evidence to find that Dela Cruz was in violation of HRS § 291C-102(a)(1). Fitzwater, 122 Hawai'i at 377-78, 227 P.3d at 543-44; see also State v. Bullard, No. 30317, slip op. at 10-16 (Hawai'i App. Sept. 27, 2010). In this case, there was sufficient evidence to establish that Dela Cruz was speeding in violation of HRS § 291C-102(a)(1). Officer Ohia testified that the speed limit was fifty-five miles per hour in the area where he paced Dela Cruz, and that he observed her traveling faster than the flow of traffic and passing other vehicles. Brandon Chin (Chin), Dela Cruz's boyfriend who was called as a witness by the defense, testified that he was a front-seat passenger in her vehicle when Dela Cruz was stopped by Officer Ohia. Chin testified that he had been looking at Dela Cruz's speedometer, that she had been driving between sixty and sixty-five miles per hour, and that he told her to slow down. The District Court found Chin's testimony credible in that he looked at Dela Cruz's speedometer, "noticed that [she was] exceeding the speed limit," and that she "started to slow down at 60 to 65."

We conclude that there was sufficient evidence presented that Dela Cruz committed the traffic infraction of Speeding, in violation of HRS § 291C-102(a)(1). We also conclude that, with regard to the lesser included Speeding infraction, the improper admission of the speed check card was harmless beyond a reasonable doubt. See Bullard.

Therefore, we vacate the Judgment entered by the District Court on October 26, 2009, and we remand the case for entry of a judgment of Speeding, in violation of HRS § 291C-102(a)(1).

DATED: Honolulu, Hawai'i, October 27, 2010.

On the briefs:

Taryn R. Tomasa
Deputy Public Defender
Attorney for Defendant-Appellant

Anne K. Clarkin
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

Presiding Judge

Associate Judge

Associate Judge

4